**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JILL E. MARTIN,**

        **Plaintiff *Pro Se*,**

        **vs.**                                    **1:11-CV-68**
                                                          **(NAM/DRH)**

**ESSEX COUNTY SUPPORT COLLECTION**
**UNIT DEPARTMENT OF SOCIAL SERVICES,**

        **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

Jill E. Martin, *Pro se*
Schaghticoke, NY

Office of the Essex County Attorney        David D. Scaglione,
7221 Court Street                                  Assistant County Attorney
P.O. Box 217
Elizabethtown, NY 12932
For Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

       According to the complaint, this action stems from attempts by the Essex County Support Collection Unit Department of Social Services, defendant, to collect child support from Edward Martin II ("Martin"), to whom plaintiff *pro se* Jill Martin is married. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that the Court lacks subject matter jurisdiction. Plaintiff opposes this motion.

## II.   BACKGROUND

### A.   Complaint

The following is a summary of the factual allegations in the complaint: Plaintiff's husband, Martin, has child support responsibilities for children from a prior relationship. Plaintiff and Martin share joint bank accounts. Plaintiff has power of attorney for Martin and refers to copies of Martin's "military orders" throughout the complaint.

In August 2010, defendant issued a tax refund offset notice to seize any tax refunds. On or about October 1, 2010, defendant issued a restraining notice to plaintiff's and Martin's joint account at State Employee Federal Credit Union ("SEFCU"). "A letter, along with military orders were mailed out on or about 10/10/10 to Essex County Office of Child Support Unit, notifying of error in calculation, that Plaintiff had Power of Attorney and a copy of Mr. Martin's Military orders and demanded immediate release". Defendant released the SEFCU account on October 12, 2010.

On or about November 12, 2010, defendant issued a restraining notice "on a joint First Niagara Bank Account . . . mailing a copy to [plaintiff's] spouse". First Niagara notified plaintiff and Martin that as a result of the restraint on their account, "plaintiff was now responsible for a fee of $100.00 and the overdraft privilege being permanently revoked". "A letter along with military orders were mailed to [defendant] . . . notifying again that it was illegal to restrain taxes or bank accounts due to the type of arrears on account, along with the actual past due was not in default according to current N[ew] Y[ork] S[tate] laws".

Further, defendant "sent out Income Execution Notifications to Mr. Martin and employers when the new order came through." "Execution began and on the coupon remittance, it stated:

2

Current obligation $148.00 with arrears obligations $74.00, both weekly." "On January 28 2009, an administrative directive was sent out to all Child Support Collection Units within New York State listing any arrears are to be collected at 50% of the current order amount". However, defendant "failed to properly update Mr. Martin's account, though support amounts were taken directly from Mr. Martin's pay and being mailed by employers [sic] pay offices."

The complaint contains allegations that defendant has broken laws and committed "abuse of process" with respect to the collection of child support from Martin. The complaint also cites "SCRA laws", which is a reference to the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501 *et seq*.

The complaint advances seven causes of action: negligence; abuse of process; defamation; negligence; intentional infliction of emotional distress; arbitrary actions; and infliction of permanent damages. Plaintiff seeks: damages in the amount of $31,425.31; "letters of apology and incorrectness by fault of the defendant mailed to the restrained accounts and the Plaintiff with release of all accounts associated with Mr. Martin's Support"; and punitive damages.

### B. Affidavit by Kris Stephens

In support of its motion to dismiss, defendant submitted an affidavit by Kris Stephens, the coordinator of the Essex County Child Support Collection Unit ("ECSCU"). Stephens avers that plaintiff "is not subject to any Family Court order." According to Stephens, in May 1997, plaintiff's husband, Martin, was ordered to pay child support for his child, who was in receipt of public assistance in Essex County. Later that year, a second child was added to the support order. In June 2003, the support order was modified to increase Martin's monthly support obligation. In September 2007, a cost of living adjustment went into effect and increased Martin's support

3

obligation again.

In January 2007, Charlene Robertson, custodial parent of the two children for whom support was ordered, filed a petition in Washington County Family Court seeking an increase of Martin's current support obligation. Following a hearing in June 2010, the support magistrate in Washington County issued an order increasing Martin's support obligation and establishing "retroactive arrears from January 18, 2007 to June 18, 2010 of $23,495.00." Martin filed objections to the order and on August 26, 2010, Washington County Family Court denied the objections and affirmed the order.

Defendant is responsible for enforcing the order and is authorized to "restrain and seize personal property of child support debtors, including bank accounts." Stephens avers that defendant has issued three restraining notices in this case: the first to the State Employees Federal Credit Union, which was later vacated; the second to First Niagara Bank, which resulted in defendant's receipt of $851.67; and the third to the State Employees Federal Credit Union (again), which was later vacated.

### III.   DISCUSSION

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, *e.g.*, affidavit(s) or otherwise competent evidence,

and cannot be converted to a Rule 56 motion for summary judgment. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

Defendant argues that the Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction and that the *Rooker-Feldman* doctrine[1] bars review of the matters alleged in the complaint. Plaintiff opposes defendant's motion and argues that she is "protected" under the SCRA.

In this case, the complaint challenges the calculation of and attempts to collect child support allegedly owed by plaintiff's spouse from their joint bank account. Such claims generally are precluded by the "domestic relations doctrine exception" to a federal court's subject matter jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (federal courts are divested of jurisdiction in "cases involving the issuance of a divorce, alimony or child custody decree"). Moreover, the Second Circuit has instructed that "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). Thus, regardless of whether plaintiff is challenging defendant's attempts to collect child support or attempting to assert sole

---

[1] *See Rooker v. Fid. Trust Co*., 263 U.S. 413; *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). For the *Rooker–Feldman* doctrine to apply: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (internal quotation marks omitted).

5

ownership of the funds in the joint bank account, there is no basis for federal jurisdiction.[2]

As stated, plaintiff argues in opposition that this action is "protected" by the SCRA. The SCRA "was enacted to protect active military personnel from having their legal remedies expire during that time in which they are unable to assert them due to the unique demands placed upon personnel by virtue of their military service." *McMurtry v. City of Largo*, 837 F.Supp. 1155, 1157 (M.D.Fla. 1993); *see also* H.R. Rep. 108–81, at 32 (2003) ("With hundreds of thousands of servicemembers fighting in the war on terrorism and the war in Iraq, many of them mobilized from the reserve components, the Committee believes the Soldiers' and Sailors' Civil Relief Act (SSCRA) should be restated and strengthened to ensure that its protections meet their needs in the 21st century."); *United States v. Kaufman*, 453 F.2d 306, 309 (2d Cir. 1971) (purpose of the SSCRA is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves). Even assuming plaintiff has standing to assert her husband's claims under the SCRA, any such challenge should be brought in the court that entered the challenged judgment. 50 App. U.S.C. § 521(g)(1) ("[T]he court entering the judgment shall . . . reopen the judgment for the purpose of allowing the servicemember to defend the action"). Thus, since the matters about which plaintiff is concerned emanate from a state family court order, the SCRA does not provide a basis for jurisdiction in this case. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

## IV.   CONCLUSION

**For the foregoing reasons, it is hereby**

---

[2]The complaint alleges no basis for diversity jurisdiction, either. *See* 28 U.S.C. § 1331.

**ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **granted**; and it is further

**ORDERED that the complaint is dismissed without prejudice.**

**IT IS SO ORDERED.**

Date:   May 19, 2011

_____
Norman A. Mordue
Chief United States District Court Judge